# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JO ANN SORSBY, on behalf of herself and all others similarly situated ) ) ) Plaintiff, ) ) v. ) ) TRUEGREEN LIMITED PARTNERSHIP, ) TRUGREEN, INC., TRUGREEN COMPANIES, ) LLC, and TRUGREEN HOLDING, ) CORPORATION ) ) Defendants. ) | Case No. 20-cv-2601 Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jo Ann Sorsby ("Plaintiff") brings this action against TruGreen Limited Partnership ("TruGreen LP"), TruGreen, Inc., TruGreen Companies LLC ("TruGreen LLC"), and TruGreen Holding Corporation (collectively, "Defendants"). In her complaint, Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making telephone solicitations even though she is on the National Do-Not-Call Registry and on Defendants' internal do-not-call list. [1]. Defendants moved to dismiss [22] and to stay discovery pending resolution of that motion [25]. For the reasons below, Defendants' motion to dismiss [22] is granted in part and denied in part. Specifically, Defendants TruGreen, Inc., TruGreen LLC, and TruGreen Holding Corporation are dismissed from this suit. Both claims against TruGreen LP remain. Defendants' motion to stay discovery [25] is denied as moot. Defendants' pending motion for leave to appear pro hac vice [37] is granted. Counsel are directed to file a joint status report, including a discovery plan and a statement in regard to any interest in a referral to the Magistrate Judge for a settlement conference, no later than January 15, 2021.

**I.     Background**[1]

Plaintiff registered her residential landline to the National Do-Not-Call list on July 3, 2003. [1, at ¶ 34]. In early 2019, she began using Defendants' services. [*Id.*, at ¶ 35]. During that time, she received calls from Defendant up to twice a week soliciting her to purchase additional services from the company. [*Id.*]. She informed Defendants that she was not interested in receiving these extra services. [*Id.*]. In August 2019, she cancelled her service, making it clear that she did not wish to continue using any of Defendants' services, and Defendants issued her a refund. [*Id.*, at ¶¶ 35–36]. However, after Plaintiff terminated her relationship with Defendants, she continued to receive telemarketing calls. [*Id.*, at ¶ 36]. From August 2019 to March 2020, she received eight calls from Defendants. [*Id.*, at ¶ 37]. The reverse number lookup indicated that these calls came from "TruGreen," "TruGreen Crestwood," and "TruGreen Sales." [*Id.*]. During this time, she told Defendants four times to stop calling her. [*Id.*, at ¶ 39]. Plaintiff's complaint explains that she is not alone in receiving unwanted calls from Defendants. For example, the Federal Trade Commission received 828 complaints about Defendants' telemarketing since April 15, 2016, with 48 of those complaints coming from Illinois consumers. [*Id.*, at ¶ 43]. In 2017, a court in this district approved a settlement between TruGreen Inc. and consumers complaining of telemarketing. *Chapa v. TruGreen, Inc.*, No. 13-cv-3957 (N.D. Ill. Jan. 25, 2017). TruGreen Inc. in currently engaged in similar litigation in the Western District of Tennessee. Complaint, *Stevens-Bratton v. TruGreen, Inc.*, No. 2:15-cv-02472 (W.D. Tenn. July 15, 2015).

Plaintiff alleges that each of TruGreen LLC, TruGreen Inc., and TruGreen Holding Company "is believed to be a direct or indirect subsidiary of TruGreen [LP]." [1, at ¶¶ 10–12]. She also alleges that Defendants conduct and solicit business in Illinois. [*Id.*, at ¶¶ 13–15].

---

[1] The Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

2

Plaintiff brought this complaint against Defendants on behalf of herself and those similarly situated, alleging that Defendants (1) violated 47 U.S.C. § 227(c)(5) by calling her and others despite their numbers being on the National Do-Not-Call Registry and (2) violated 47 C.F.R. § 64.1200(d)(3) by calling her and others she despite their numbers being on the Defendants' internal do-not-call list. [1, at ¶¶ 62–73]. Defendants moved to dismiss, arguing that (1) the Court lacks personal jurisdiction over TruGreen LLC, TruGreen Inc., and TruGreen Holding; (2) Plaintiff engaged in impermissible group pleading by referring to Defendants collectively throughout her complaint, instead of describing what each Defendant did; and (3) 47 C.F.R. § 64.1200(D)(3) does not create a private right of action for a claim based on Defendants' internal do-not-call list.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint typically must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S at 555). In determining whether the complaint meets this standard, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth*, 507 F.3d at 618.

"[T]he plaintiff bears the burden of establishing personal jurisdiction." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). When, as here, the Court rules on a motion to dismiss for lack

of personal jurisdiction "based on the submission of written materials * * * the plaintiff 'need only make out a prima facie case of personal jurisdiction.'" *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). "In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Id.* (quoting *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983)). That said, when a defendant challenges an alleged fact by filing an affidavit, "the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Shanahan v. Nat'l Auto Prot. Corp.*, 2020 WL 3058088, at *1 (N.D. Ill. June 9, 2020); see also *Perdue Research Found.*, 338 F.3d at 783 ("[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."); *ABN AMRO, Inc. v. Capital Int'l Ltd.*, 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008).

**III. Analysis**

    **A. Personal Jurisdiction**

Defendants argue that this Court lacks personal jurisdiction over TruGreen LLC, TruGreen Inc, and TruGreen Holding. [22-1, at 12–15]. Personal jurisdiction can be general or specific. *Hyatt Int'l Corp.*, 302 F.3d at 713. General jurisdiction "is proper only when the defendant has 'continuous and systematic' contacts with the state in question." *Id.* "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Further, "the exercise of specific personal jurisdiction

must also comport with traditional notions of fair play and substantial justice as required by the Fourteenth Amendment's Due Process Clause." *Id.* In TCPA cases, phone calls placed by or on behalf of a defendant to a phone number in a particular state can establish specific personal jurisdiction over the defendant. *Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 645 (N.D. Ill. 2017) ("[M]ultiple courts have found calls or text messages to a phone number affiliated with a particular state that violate the TCPA sufficient to satisfy the [purposeful direction] test for a court of that state to exercise personal jurisdiction over the defendant." (alterations in original) (quoting *Keim v. ADF MidAtlantic, LLC*, 199 F.Supp.3d 1362, 1370 (S.D. Fla. 2016))).

Here, no Defendant is a resident of Illinois. [1, at ¶¶ 9–12]; [22-1, at 19 ¶¶ 4–6]. Further, Defendants attached an affidavit to their motion to dismiss in which a TruGreen LP attorney averrs that the other three Defendant entities "do not have offices, officers, employees or operations in Illinois" and "do not advertise or solicit business in Illinois." [22-1, at 20 ¶ 7]. He also avers that those other entities "do not employ the persons who placed the telephone calls alleged in Plaintiff's complaint." [22-1, at 20 ¶ 9]. Plaintiff argues that despite these facts, the Court nevertheless has personal jurisdiction over TruGreen LLC, TruGreen Inc, and TruGreen Holding. As explained above, because the Defendant submitted an affidavit refuting facts alleged by Plaintiff, Plaintiff "must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Perdue Research Found.*, 338 F.3d at 783.

Plaintiff first argues that the Court should not consider Defendants' affidavit because it is conclusory. [32, at 20]. However, contrary to this assertion, the affidavit does not recite "legal conclusions" and instead sets forth specific facts about the entities' relationships to Illinois. [*Id.*]. Just because facts lead to legal conclusions does not make the facts themselves legal conclusions. Next, Plaintiff argues that she alleged an agency relationship among Defendants sufficient for the

Court to exercise personal jurisdiction over all Defendants. Plaintiff alleged that each of TruGreen, Inc., TruGreen LLC, and TruGreen Holding Corporation is "believed to be a direct or indirect subsidiary of TruGreen [LP]." [1, at ¶¶ 10-12]. However, "the jurisdictional contacts of a parent company generally are not imputed to its subsidiary." *Pickering v. ADP Dealer Servs., Inc.*, 2013 WL 996212, at *4 (N.D. Ill. Mar. 13, 2013); see also *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[N]or does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned subsidiary."); *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) ("We join other courts in finding that stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact."). Plaintiff further contends that because Defendants' affidavit does not explicitly deny that the calls were not made on behalf of TruGreen, Inc., TruGreen LLC, and TruGreen Holding Corporation, then it is reasonable to infer that "TruGreen LP may have placed the relevant phone calls as an agent or on behalf of one or more of the other Defendants." [32, at 19]. However, this conclusion is belied by Defendants averment that these entities do not "conduct," "advertise," or "solicit" business in Illinois. [22-1, at 20 ¶ 7].

Plaintiff failed to rebut Defendants' evidence that TruGreen, Inc., TruGreen LLC, and TruGreen Holding Corporation do not have any contacts with Illinois sufficient to establish personal jurisdiction. Accordingly, Plaintiff has not set out a *prima facie* showing of personal jurisdiction, and the Court dismisses these three Defendants for lack of personal jurisdiction.[2] See *Purdue Research Found.*, 338 F.3d at 783. For this same reason, the Court rejects Plaintiff's contention that she is entitled to jurisdictional discovery. *Cent. States, Se. & Sw. Areas Pension*

---

[2] If the Plaintiff later discovers information indicating that the Court does have personal jurisdiction over TruGreen, Inc., TruGreen LLC, and TruGreen Holding Corporation—for example, that TruGreen LP placed calls on behalf of these entities—the Court would of course entertain a motion to reinstate them as Defendants.

*Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (explaining that, to be entitled to jurisdictional discovery, a plaintiff must "establish a colorable or prima facie showing of personal jurisdiction.")

### B. Group Pleading

Defendants argue that Plaintiff engaged in impermissible group pleading by consistently referring to them collectively as "Defendants," thereby failing to specify which Defendant took which action. [22-1, at 4–9]. However, given that this order dismisses all but one of the Defendants, to the extent that the complaint previously suffered from a group-pleading issue, it no longer does so. As the sole remaining Defendant, TruGreen LLP is on sufficient notice at to which actions Plaintiff alleged it took. That said, the Court notes that the Seventh Circuit has held that the practice of group-pleading "long understood to be inadequate under Rule 9(b), is also inadequate under Rule 8(a)." *Thomas-Wise v. Nat'l City Mortg. Co.*, 2015 WL 641770, at *4 (N.D. Ill. Feb. 13, 2015); see also *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. An allegation that someone looted a corporation does not propound a plausible contention that a particular person did anything wrong. The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."). If Plaintiff moves to reinstate a Defendant, any complaint should avoid group pleading and include allegations regarding which Defendant took which actions. Furthermore, if Plaintiff believes that the dismissal of Defendants TruGreen, Inc., TruGreen LLC, and TruGreen Holding Corporation necessitates the filing of an amended complaint, she should so indicate and the Court will allow a reasonable time in which to do so. See Fed. R. Civ. P. 15(a).

7

### C. Private Right of Action for Violations of Internal Do-Not-Call Lists

Finally, Defendants argue that the Court should dismiss Plaintiff's claim related to their internal do-not-call list because there is no private right of action for a violation of 47 C.F.R. § 64.1200(d). [22-1, at 10–12]. Subsections (b) and (c) of the TCPA create private right of actions. Subsection (b), entitled "Restrictions on use of automated telephone equipment," establishes prohibitions for the use of technology such as "automatic telephone dialing system[s]," "artificial or prerecorded voice[s]," and "telephone facsimile machine[s]." § 227(b)(1). This subsection requires the Federal Communications Commission ("FCC") to "prescribe regulations to implement [the subsection's] requirements." § 227(b)(2). It also creates a private right of action for "an action based on a violation of [the] subsection or the regulations prescribed under [it]." § 227(b)(3). Subsection (c) of the TCPA, entitled "Protection of subscriber privacy rights," requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." § 227(c)(1). The subsection requires the rulemaking proceedings to "evaluate alternative methods and procedures"—including "industry-based or company-specific 'do not call' systems"—"for their effectiveness in protecting such privacy rights." § 227(c)(1)(A). Subsection (c) also creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." § 227(c)(5). The remaining subsections of the TCPA do not create a private right of action, including subsection (d), which is entitled "Technical and procedural standards" and requires the FCC to revise regulations "setting technical and procedural standards for telephone facsimile machines" and to "prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone."

8

§ 227(d)(2)–(3). Thus, only violations of TCPA regulations promulgated under subsection (b) or (c) give rise to a private right of action.

The regulation at issue here, § 64.1200(d), provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." It then lists "minimum standards" for internal do-not-call list procedures, including having a written policy, § 64.1200(d)(1), and requiring telemarketers to record requests to be placed on an internal do-not-call list and to honor such requests "within a reasonable time," § 64.1200(d)(3).

The parties agree that the Seventh Circuit has not decided this issue. Both the Sixth and Eleventh Circuits have recognized a private right of action for violations of internal do-not-call list regulations. See *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019) (explaining the internal do-not-call list regulations and then concluding that the "TCPA creates a private right of action for anyone who receives more than one call within a year from the same entity in violation of these regulations"); *Charvat v. NMP, LLC*, 656 F.3d 440, 443, 448 (6th Cir. 2011) (finding that the regulations regarding internal do-not-call lists were promulgated under subsection (c) and recognizing a private right of action for violating these regulations). District courts in other circuits are split on whether there is a private right of action for such violations. Compare *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *4 (D. Md. Sept. 2, 2016), aff'd, 678 F. App'x 165 (4th Cir. 2017) (determining that a violation of § 64.1200(d) does not give rise to a private right of action because that regulation "appear[s] to fall under the aegis of subsection d of the TCPA"), with *Barrett v. Vivint, Inc.*, 2020 WL 2558231, at *6–7 (D. Utah May 20, 2020) (finding that a violation of § 64.1200(d) gives rise to a private right of action because that regulation was

promulgated pursuant to subsection (c) of the TCPA). Defendants concede that courts in this district have permitted such actions, but as of the time that Defendants filed their motion to dismiss, none of the cases had specifically analyzed this issue. [22-1, at 10 n.4]; see *Martin v. Comcast Corp.*, 2013 WL 6229934, at *6 (N.D. Ill. Nov. 26, 2013) (declining to dismiss a complaint regarding violation of § 64.1200(d), but not specifically analyzing whether plaintiff had a private right of action); *Strickler v. Bijora, Inc.*, 2012 WL 13069973, at *6 (N.D. Ill. Mar. 15, 2012) (certifying TCPA class, including a subclass related to individuals on an internal do-not-call list); *cf. Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014) (dismissing complaint for violation of § 64.1200(d) because the plaintiff stopped receiving calls within two days of request, but never suggesting that plaintiff did not have a right of action). However, after Defendants filed their motion to dismiss, a court in this district concluded that there is "a private right of action for violations of section 64.1200(d)" because that section "implements section 227(c)'s command to protect the privacy rights of telephone subscribers to avoid receiving telephone solicitations to which they object by requiring telemarketers to maintain and honor do-not-call lists." *Bilek v. National Congress of Employers, Inc.*, 2020 WL 5033534, at *4 (N.D. Ill. July 1, 2020).

The Court agrees with *Bilek*, as the text of the TCPA and § 64.1200(d) support the conclusion that the FCC promulgated § 64.1200(d) under subsection (c). Specifically, subsection (c) is concerned with "the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." § 227(c)(1). Section 64.1200(d)'s requirements for an internal do-not-call list directly support this goal. See *Barrett*, 2020 WL 2558231, at *7 ("[T]he internal do-not-call registry requirement fits the purpose of § 227(c)."); *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 324 (D. Mass. 2020) ("The principal

purpose of § 227(c) is to ensure that subscribers 'avoid receiving telephone solicitations to which they object.' The do-not-call provisions, including § 64.1200(d)(4), further that goal and comport with the statute."). Moreover, subsection (c) specifically calls upon the FCC to "compare and evaluate alternative methods and procedures," including "industry-based or company-specific 'do not call' systems." § 227(c)(1)(A).

In arguing otherwise, Defendants primarily rely on *Worsham v. Travel Options* to contend that the FCC promulgated § 64.1200(d) under subsection (d) of the TCPA. In that case, the court concluded that "the requirements of § 64.1200(d) set forth the procedural standards for telemarketers to maintain their own, company-specific, do-not-call lists and, consequently, appear to fall under the aegis of subsection d of the TCPA." *Worsham*, 2016 WL 4592373, at *4. It did not provide further reasoning except to say that it "considered the analysis on this point in the case of *Burdge v. Assn. Health Care Mgmt., Inc.*, and has found it persuasive." *Id.* at *7 (internal citation omitted). In *Burdge*, the court explained that the issue was "whether an action for a violation of 64.1200(d)(4) arises under 47 U.S.C. § 227(d) or (b), which boils down to a question of whether the failure of an entity to identify itself and provide its address and phone number is a 'technical and procedural' violation." *Burdge v. Ass'n Health Care Mgmt., Inc.*, 2011 WL 379159, at *3 (S.D. Ohio Feb. 2, 2011). The *Burdge* court concluded that violations of § 64.1200(d)(4) are technical and procedural ones and consequently that the FCC promulgated the regulation under subsection (d). *Id.* But Subsection (d) requires the FCC to revise regulations "setting technical and procedural standards for telephone facsimile machines" and to "prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone." *Id.* at § 227(d)(2)–(3). These mandates are unrelated to internal do-not-call lists. Further, *Burdge* limited its analysis to subsections (b) and (d) and did not consider

11

whether the FCC promulgated the regulation under subsection (c). *Burdge*, 2011 WL 379159, at *3–4. Thus, this Court agrees with the decisions from this district allowing complaints for violations of § 64.1200(d) to proceed on the ground that Plaintiff has a private right of action based on Defendants' failure to honor its internal do-not-call list.

**IV.    Conclusion**

Defendants' motion to dismiss [22] is granted in part and denied in part. Specifically, Defendants TruGreen, Inc., TruGreen LLC, and TruGreen Holding Corporation are dismissed from this suit. Both claims against TruGreen LP remain. Defendants' motion to stay discovery [25] is denied as moot. Defendants' pending motion for leave to appear pro hac vice [37] is granted. Counsel are directed to file a joint status report, including a discovery plan and a statement in regard to any interest in a referral to the Magistrate Judge for a settlement conference, no later than January 15, 2021.

Dated: December 23, 2020

_____
Robert M. Dow, Jr.
United States District Judge